UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11398-RWZ

BANK OF AMERICA, N.A.

v.

TRUSTEES OF 52 FENWAY CONDOMINIUM TRUST

MEMORANDUM OF DECISION

March 19, 2013

ZOBEL, D.J.

Plaintiff Bank of America, N.A. ("BANA") has sued the Trustees of 52 Fenway Condominium Trust ("Trustees") over the foreclosure sale of a condominium unit. The Trustees now move to dismiss.

**I. Background**

In 2006, a borrower named Avner Arazi took out a mortgage loan for $408,000 from Bank of America. The loan was secured by his condominium unit, Unit 3 at 52 Fenway in Boston. The Trustees represent the condominium association that acts on behalf of those who own condominium units in the 52 Fenway building.

In 2011, the Trustees filed an action in state court alleging that Arazi had failed to make required payments to the condominium association for common expenses. They sought leave to foreclose on Arazi's condominium unit in order to recover these expenses. The state court rendered judgment in favor of the trustees on July 25, 2011,

authorizing them to conduct a foreclosure sale.

The foreclosure sale was held on July 3, 2012. BANA was the winning bidder, agreeing to purchase the condominium unit for $232,000. It made a $35,000 deposit and was required to tender the remainder of the purchase price within thirty days.

Ten days later, the Trustees returned BANA's deposit, informing BANA that they had decided to exercise a right of first refusal granted to them by the condominium building's master deed and trust agreement. In other words, the Trustees decided to buy the condominium unit themselves for the $232,000 that BANA offered.

BANA refused to accept the returned deposit. It insisted, and continues to insist, that the Trustees have no right of first refusal under the governing condominium documents. The Trustees stand by their right of first refusal and have declined to transfer ownership of the condominium unit to BANA.

BANA has now sued the Trustees for breach of contract, fraud, negligent misrepresentation, breach of the implied covenant of good faith, and unfair business practices. It also seeks a declaratory judgment that the Trustees have no right of first refusal, that any such right of first refusal is inapplicable in a foreclosure sale, or (in the alternative) that the foreclosure sale was not validly conducted. The Trustees move to dismiss for lack of subject matter jurisdiction and failure to state a claim. They also move to dissolve the lis pendens that this court previously ordered.

## II. Subject Matter Jurisdiction

BANA asserts diversity jurisdiction under 28 U.S.C. § 1332, which provides this court with original jurisdiction of all civil actions where the matter in controversy is

greater than $75,000 and the parties are from different states. See 28 U.S.C. § 1332(a)(1). The Trustees do not dispute that the parties are from different states; BANA has its principal place of business in North Carolina, while the Trustees are based in Massachusetts. Instead, the Trustees argue that the amount in controversy is less than $75,000.

In determining the amount in controversy for purposes of a motion to dismiss, the general rule is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) (footnotes omitted); see Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012) (same). Once the amount in controversy has been questioned, the party invoking jurisdiction has the burden to show that it is not a legal certainty the claim involves less than the jurisdictional amount. Abdel-Aleem, 665 F.3d at 42.

BANA seeks contract damages (inter alia) for the Trustees' failure to sell it the condominium unit at the $232,000 price agreed upon in the foreclosure sale. If successful in its suit, BANA would be entitled to expectation damages—that is, the amount necessary to place BANA in the same position as if the contract had been performed. See Restatement (Second) of Contracts § 347 cmt. a; see also John Hetherington & Sons v. William Firth Co., 95 N.E. 961, 964 (Mass. 1911). That amount is the difference between the fair market value of the condominium unit and the $232,000 that BANA would have paid for it. BANA has submitted an appraisal showing

the value of the condominium unit was $485,000 in December 2009. If its value was the same in July 2012, then BANA's claimed damages would be $485,000 - $232,000 = $253,000. Even though the value of the condominium unit likely changed between December 2009 and July 2012, BANA's submissions sufficiently show it is not a legal certainty that the amount in controversy is less than $75,000.[1]

The Trustees argue that because $232,000 was the winning bid at the foreclosure sale, the fair market value of the property is only $232,000 as a matter of law. The only case they cite to support that proposition is BFP v. Resolution Trust Corp., 511 U.S. 531 (1994). But that case is inapposite. In BFP, the Supreme Court held that the price received at a properly conducted foreclosure sale constitutes "reasonably equivalent value" as a matter of law under 11 U.S.C. § 548, and so a foreclosure sale could not be voided by a bankruptcy trustee as a fraudulent transfer. See BFP at 545. However, the Court expressly distinguished between "reasonably equivalent value" and fair market value, holding that the former did not mean the latter. See id. at 535-39. BANA's expectation damages are measured by reference to the property's fair market value, not its "reasonably equivalent value" under 11 U.S.C. § 548. BANA can therefore show that it suffered damages greater than $75,000 when the Trustees refused to sell BANA the property at the agreed-upon price.

## III. Prior Pending Action

---

[1] BANA primarily seeks specific performance rather than expectation damages. But the measure of the amount in controversy is the same, since "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The value to BANA of specific performance is the value of the property it would receive minus the amount it would have to pay.

The Trustees next ask the court to dismiss this case under the prior pending action doctrine. Under that doctrine, "the pendency of a prior action, in a court of competent jurisdiction, between the same parties, predicated upon the same cause of action and growing out of the same transaction, and in which identical relief is sought, constitutes good ground for abatement of the later suit." O'Reilly v. Curtis Pub. Co., 31 F. Supp. 364, 364-65 (D. Mass. 1940).

It is not clear whether the prior pending action doctrine has ever been applied in this district to dismiss a case. See Biolitec, Inc. v. AngioDynamics, Inc., 581 F. Supp. 2d 152, 156 (D. Mass. 2008). Even assuming the doctrine is good law, it does not apply here. The prior action that the Trustees cite was filed by BANA in state court before the foreclosure sale took place, seeking to enjoin the sale. This action, by contrast, arises from allegations about the Trustees' actions after the sale—specifically, their exercise of their asserted right of first refusal. Because the two actions are not "predicated upon the same cause of action and growing out of the same transaction," O'Reilly, 31 F. Supp. at 364, the prior pending action doctrine cannot justify dismissal.

**IV. Failure to State a Claim**

Finally, the Trustees move to dismiss BANA's complaint for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). That motion can only succeed if the complaint fails to state a plausible claim upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court accepts as true all factual allegations contained in the complaint, but not legal conclusions. Id.

The Trustees first argue that BANA's claims for breach of contract and breach of

5

the implied duty of good faith must fail because the foreclosure sale contract included a term allowing the Trustees to void the transaction for any reason. But according to BANA's factual allegations, the Trustees did not seek to void the foreclosure sale transaction; instead, they sought to exercise a right of first refusal over that transaction. The contractual clause that the Trustees proffer says nothing about a right of first refusal. Therefore, that clause does not affect BANA's plausible claim that the Trustees breached the contract by exercising a nonexistent right of first refusal.

Second, the Trustees argue that BANA no longer holds a lien on the property because the foreclosure sale extinguished BANA's mortgage. See Mass. Gen. Laws ch. 254, § 5A. But this argument ignores BANA's factual allegations (made in the alternative) that the foreclosure sale was invalid because it was not properly conducted. If the foreclosure sale did not follow the statutory requirements, it was wholly void and could not extinguish BANA's lien. See U.S. Bank Ass'n v. Ibanez, 941 N.E.2d 40, 49-50 (Mass. 2011).

Third, the Trustees argue that they had a valid right of first refusal. They point to the fact that BANA never requested notice of amendments to the governing condominium documents as Massachusetts law entitled it to. See Mass. Gen. Laws. ch. 183, § 4(5). Furthermore, they note that Massachusetts law specifically allows condominium bylaws to provide for a right of first refusal in favor of the organization of unit owners. Id. § 12(c). But neither of those facts affects BANA's claim that the governing condominium documents here were never properly amended to include such a right of first refusal. BANA has alleged that the amendment granting the Trustees a

6

right of first refusal was not properly adopted—specifically, because it was not approved by 67% of the condominium's mortgageholders as required by a previous amendment. BANA has further alleged that even if the right of first refusal was properly adopted, it was not intended to apply to foreclosure sales. Those factual allegations make BANA's claims plausible, meaning that they survive the Trustee's motion to dismiss.

## V.  Lis Pendens

The Trustees have also moved to dissolve the lis pendens regarding the condominium unit at issue. That motion rests partly on the Trustees' motion to dismiss, discussed above, but also on the argument that BANA's original motion for a lis pendens was misleading because it failed to mention BANA's prior state court proceeding to enjoin the foreclosure sale. Reviewing BANA's prior motion, it did not deprive the court of any material information by failing to mention the prior state court proceeding. Therefore, neither of the Trustees' asserted reasons for dissolving the lis pendens can justify relief.

## VI.  Conclusion

The Trustees' motion to dismiss (Docket # 11) and motion to dissolve the lis pendens (Docket # 14) are DENIED. The three miscellaneous pending motions (Docket ## 6, 9, and 18) are ALLOWED.

|  |  |
|---|---|
| March 19, 2013 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |

7

UNITED STATES DISTRICT JUDGE